## CIRCUIT COURT OF FAIRFAX COUNTY

Pleasant Excavating

    v.

Fairfax County

December 27, 1989

Case No. (Law) 80034

By JUDGE THOMAS S. KENNY

This cause came to be heard upon a motion made by the County to dismiss this case for lack of subject matter jurisdiction. For the reasons stated below, the motion is denied.

The County's first argument is that the contract was void *ab initio* because the plaintiff was not duly licensed as a contractor, pursuant to Va. Code §§ 54-113 *et seq.* (Repl. 1982). Even assuming the defendant's argument is correct, its claim is a defense and does not go to this Court's jurisdiction over the subject matter. None of the statutes cited by the defendant divest this Court of subject matter jurisdiction.

The County's second argument is essentially the same as the first and is insufficient for the same reasons.

The third argument advanced by the County is that the plaintiff failed to allege compliance with the requirements of the Fairfax County Purchasing Resolution.

The Resolution provides the procedure for asserting certain types of claims against the County. Counties are authorized to adopt such procedures pursuant to Va. Code Section 15.1-107. The last sentence of Article 3, Section 6, of the Resolution states "[a] bidder/offeror/contractor may not institute legal action until all *statutory* require-

ments have been met." (Emphasis added.) The "statutory requirements" referenced are presumably Va. Code §§ 15.1-550 to 15.1-554. The plaintiff has alleged compliance with these statutes, and the defendant has not challenged this allegation, with the exception of the argument disposed of below. The County cites no authority for the proposition that compliance with County resolutions is a jurisdictional predicate to legal action. The case which the County does cite, *Lerner v. Gudelsky Co.*, 230 Va. 124 (1985), is inapposite as it is concerned with conditions precedent incorporated into a contract. The principles of *Lerner* do not divest this Court of subject matter jurisdiction.

The County's final argument is that this Court lacks jurisdiction because the plaintiff did not properly submit to the County "fees allowed by law," pursuant to Va. Code Section 15.1-550. In *County of Campbell v. Howard*, 133 Va. 19, 112 S.E. 876 (1922), the Supreme Court held that the provision of Va. Code § 15.1-550 (§ 2759 at that time) which requires an affidavit verifying the time devoted to a service for which a claim is made is not a jurisdictional prerequisite to filing a suit against a county. The Court reasoned that the circuit court trial is practically *de novo* and that the Court could determine for itself, from the pleadings and evidence, whether a claim is legitimate.

Although the existence of an affidavit is not at issue here, the legitimacy of the plaintiff's claim is. The County disputes whether the fees submitted were those "allowed by law." As in *Howard*, the Court can determine for itself from the pleadings and evidence at trial whether the claim was legitimate. The dispute does not have jurisdictional implications.

The County's motion is denied.